**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON HAMILTON, | Case No. _____ |
| Plaintiff, | |
| v. | |
| DREXEL UNIVERSITY and CLEAN-TECH SERVICES, INC., | |
| Defendants | |

## **COMPLAINT**

Plaintiff, Brandon Hamilton, by and through undersigned counsel, Justin Robinette, Esquire, hereby submits and files the following Complaint, averring in support thereof, as follows:

1.      Plaintiff, Brandon Hamilton (hereinafter "Plaintiff") is an adult individual and current resident of the Commonwealth of Pennsylvania, who currently resides at 5412 Whitby Avenue, Philadelphia, PA 19143.

2.      Defendant, Drexel University (hereinafter "Drexel") is a university organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 3141 Chestnut Street, Philadelphia, PA 19104.

3.      It is believed and therefore averred that Defendant, Drexel, was, at all times relevant hereto, Plaintiff's employer, joint employer, co-employer, ostensible employer, and/or the agent of Plaintiff's employer.

4.      Defendant, Clean-Tech Services, Inc. (hereinafter "Clean Tech"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 114 Chestnut Street, 5th Floor, Philadelphia, PA 19106.

5.      At all times relevant hereto, it is believed and therefore averred that the

Defendant, Clean Tech, was the Plaintiff's employer, joint employer, co-employer, ostensible

employer, and/or the agent of Plaintiff's employer.

## JURISDICTION & VENUE

6.      This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant

to 28 U.S.C. § 1331 because the claims present a federal question.

7.      This Court has personal jurisdiction over Defendants because Defendants'

contacts with this state and judicial district are sufficient for the exercise of jurisdiction over

Defendants to comply with traditional notions of fair play and substantial justice, satisfying the

standard set forth by the United States Supreme Court in International Shoe Company v. State of

Washington, 326 U.S. 310 (1945), and its progeny.

8.      Venue is proper under Title VII of the Civil Rights Act of 1964 ("Title VII")

pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices are "alleged to

have been committed" in this judicial district, "the employment records relevant to such

practice[s] are maintained and administered" in this judicial district, and Plaintiff "would have

worked" in this judicial district "but for the alleged unlawful employment practice[s]."  42

U.S.C. § 2000e-5(f)(3).

9.      At all times relevant hereto, Defendants each employed fifteen (15) or more

persons for each working day in each of twenty (20) or more calendar weeks in the current or

preceding calendar year.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.      Plaintiff has exhausted all applicable administrative remedies and the pertinent

notice of right-to-sue in this matter is attached hereto as Exhibit "A."

**COUNT I:**
**FAILURE-TO-ACCOMMODATE RELIGION IN VIOLATION OF TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. § 2000*e*, <u>et seq.</u>**
**(Plaintiff, Brandon Hamilton v. Defendants, Drexel University and Clean-Tech Services,**
**<u>Inc.)</u>**

11. All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

12. Plaintiff was employed at all relevant times as a "Clean Tech" at The Academy of Natural Sciences of Drexel University, located at 1900 Benjamin Franklin Parkway, Philadelphia, PA 19103.

13. Plaintiff is Muslim.

14. Plaintiff has sincerely-held religious beliefs.

15. On or about Thursday, March 23, 2023, Plaintiff requested to take time-off during Ramadan which was scheduled to start Friday, March 24, 2023.

16. On March 23, 2023, Plaintiff's supervisor, Ms. Jacqueline Brown, a management employee of Defendant, Clean-Tech Services, Inc., denied Plaintiff's request to take time-off from work for Ramadan for Friday, March 24, 2023.

17. Defendants' conduct violated Title VII, as the Supreme Court of the United States, in <u>Groff v. DeJoy</u>, 143 S. Ct. 2279 (2023), held that "undue hardship" means "**<u>substantial</u>** increased costs" in relation to Defendants' "conduct of its particular business." <u>Groff v. DeJoy</u>, 143 S. Ct. 2279 (2023) (emphasis added).

18. Since he could not take off from work during Ramadan, Plaintiff requested the ability instead to take breaks during Ramadan, during the day, to pray.

19.     Ms. Brown, supervisor/manager, commented that Plaintiff would only be permitted fifteen (15) minutes to pray, or words to that effect.  Defendants failed to accommodate Plaintiff's sincerely held religious beliefs.

20.     Permitting a Muslim employee fifteen (15) minutes to pray in the back room during Ramadan is not reasonable, and permitting more time would not have resulted in an "undue hardship" as it would not have resulted in "**substantial** increased costs" in relation to Defendants' "conduct of its particular business," Groff, supra, 143 S. Ct. 2279 (emphasis added). Therefore, Defendants should have accommodated Plaintiff.

21.     Defendants did not engage in an interactive process with Plaintiff to identify the availability of a reasonable accommodation.

22.     In or around March and April 2023, when Plaintiff entered the break room to pray during Ramadan, he was discriminated against by his co-employees.

23.     A co-employee stated, "What does he have in that bag?", or words to that effect, on one occasion when Plaintiff entered the break room in order to pray.

24.     Another co-employee stated, on another occasion, "Check on him to make sure he's praying," or words to that effect, when Plaintiff entered the break room in order to pray.

25.     Plaintiff also recollects that at the beginning of his employment, Ms. Brown, supervisor/manager, asked Plaintiff what was on his forehead. Plaintiff commented that it was a prostration mark from praying.

26.     On another occasion, Ms. Brown commented to Plaintiff, "You grew up Christian," and "You ate Christmas dinners," or words to that effect.

27.     Plaintiff filed an EEOC Charge against Defendants on April 17, 2023 alleging discrimination and failure-to-accommodate his religion.

28.     On April 18, 2023, Ms. Brown, the supervisor, discriminated against and retaliated against Plaintiff by disciplining Plaintiff based on a pretext. Ms. Brown disciplined Plaintiff for allegedly not sweeping the floor. Plaintiff was washing the windows first while waiting for visitors to clear the museum area before he started sweeping the floor.

29.     On April 26, 2023, Plaintiff was wrongfully terminated from his employment by Defendants.

30.     On April 26, 2023, at the time Plaintiff's termination was communicated to him, Plaintiff was informed that Drexel no longer wanted him in the building anymore, or words to that effect. It is believed and averred that Drexel constitutes a decisionmaker with respect to Plaintiff's termination.

31.     It is believed and therefore averred that Plaintiff was replaced by an employee who is not Muslim.

32.     Defendants failed to accommodate Plaintiff's religion and wrongfully terminated his employment in violation of Title VII of the Civil Rights Act of 1964.

33.     During the EEOC process, a series of text messages were provided to undersigned counsel by Defense Counsel—which were not sent by Plaintiff—stating, in part, "[For being a wit]ness in my case with clean tech," "I'm on ya ass," "You a snitch nigga," and, "Watch ya back at that bus stop nigga," which are believed and therefore averred to have been sent by an employee of the Defendants with an interest in protecting the Defendants' business interest, but were staged to appear as if they were sent by Plaintiff, constituting discrimination and materially adverse post-employment retaliation against Plaintiff.  Plaintiff was instructed to have no contact with any employee of the Defendants during this process.  Plaintiff did _not_ send the subject text messages.  The text messages are from a phone number that is not Plaintiff's phone number, and

appear to be from someone named "Spencer" ("SR") Last Name Unknown ("LNU").  No further information has been supplied by Defense Counsel about the subject text messages.

**WHEREFORE**, Plaintiff, Brandon Hamilton, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental anguish, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, equitable/injunctive relief requiring Defendants to conduct sensitivity training for all of Defendants' employees; and such other and further relief that this Court deems just, proper, and equitable.

**COUNT II:**
**WRONGFUL TERMINATION BASED ON RELIGION IN VIOLATION OF TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. § 2000*e*, et seq.**
**(Plaintiff, Brandon Hamilton v. Defendants, Drexel University and Clean-Tech Services,
Inc.)**

34.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

35.     On or about Thursday, March 23, 2023, Plaintiff requested to take time-off during Ramadan which was scheduled to start Friday, March 24, 2023.

36.     On March 23, 2023, Plaintiff's supervisor, Ms. Jacqueline Brown, a management employee of Defendant, Clean-Tech Services, Inc., denied Plaintiff's request to take time-off from work for Ramadan for Friday, March 24, 2023.

37.     Since he could not take off from work during Ramadan, Plaintiff requested the ability instead to take breaks during Ramadan, during the day, to pray.

38.     Ms. Brown, supervisor/manager, commented that Plaintiff would only be permitted fifteen (15) minutes to pray, or words to that effect.

39.     In or around March and April 2023, when Plaintiff entered the break room to pray during Ramadan, he was discriminated against by his co-employees.

40.     A co-employee stated, "What does he have in that bag?", or words to that effect, on one occasion when Plaintiff entered the break room in order to pray.

41.     Another co-employee stated, on another occasion, "Check on him to make sure he's praying," or words to that effect, when Plaintiff entered the break room in order to pray.

42.     Plaintiff also recollects that at the beginning of his employment, Ms. Brown, supervisor/manager, asked Plaintiff what was on his forehead. Plaintiff commented that it was a prostration mark from praying.

43.     On another occasion, Ms. Brown commented to Plaintiff, "You grew up Christian," and "You ate Christmas dinners," or words to that effect.

44.     Plaintiff filed an EEOC Charge against Defendants on April 17, 2023 alleging discrimination and failure-to-accommodate his religion.

45.     On April 18, 2023, Ms. Brown, the supervisor, discriminated against and retaliated against Plaintiff by disciplining Plaintiff based on a pretext. Ms. Brown disciplined Plaintiff for allegedly not sweeping the floor. Plaintiff was washing the windows first while waiting for visitors to clear the museum area before he started sweeping the floor.

46.     On April 26, 2023, Plaintiff was wrongfully terminated from his employment by Defendants.

47.     On April 26, 2023, at the time Plaintiff's termination was communicated to him, Plaintiff was informed that Drexel no longer wanted him in the building anymore, or words to that effect. It is believed and averred that Drexel constitutes a decisionmaker with respect to Plaintiff's termination.

48.     It is believed and therefore averred that Plaintiff was replaced by an employee who is not Muslim.

49.     Defendants wrongfully terminated Plaintiff from his employment based on his religion in violation of Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff, Brandon Hamilton, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental anguish, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to post notice of the verdict in this matter in a conspicuous location, to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees; and such other and further relief that this Court deems just, proper, and equitable.

**COUNT III:**
**RETALIATORY DISCHARGE/TERMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, <u>et seq.</u>**
**(Plaintiff, Brandon Hamilton v. Defendants, Drexel University and Clean-Tech Services, <u>Inc.)</u>**

50.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

51.     On or about Thursday, March 23, 2023, Plaintiff requested to take time-off during Ramadan which was scheduled to start Friday, March 24, 2023.

52.     On March 23, 2023, Plaintiff's supervisor, Ms. Jacqueline Brown, a management employee of Defendant, Clean-Tech Services, Inc., denied Plaintiff's request to take time-off from work for Ramadan for Friday, March 24, 2023.

53.     Since he could not take off from work during Ramadan, Plaintiff requested the ability instead to take breaks during Ramadan, during the day, to pray.

54.     Ms. Brown, supervisor/manager, commented that Plaintiff would only be permitted fifteen (15) minutes to pray, or words to that effect.

55.     Plaintiff filed an EEOC Charge against Defendants on April 17, 2023 alleging discrimination and failure-to-accommodate his religion.

56.     On April 18, 2023, Ms. Brown, the supervisor, retaliated against Plaintiff by disciplining Plaintiff based on a pretext. Ms. Brown disciplined Plaintiff for allegedly not sweeping the floor. Plaintiff was washing the windows first while waiting for visitors to clear the museum area before he started sweeping the floor.

57.     On April 26, 2023, Plaintiff was terminated from his employment by Defendants in retaliation for Plaintiff's requests for reasonable accommodations on account of his religion, and in retaliation for Plaintiff's protected conduct/activity.

58.     On April 26, 2023, at the time Plaintiff's termination was communicated to him, Plaintiff was informed that Drexel no longer wanted him in the building anymore, or words to that effect. It is believed and averred that Drexel constitutes a decisionmaker with respect to Plaintiff's termination.

59.     During the EEOC process, a series of text messages were provided to undersigned counsel by Defense Counsel—which were not sent by Plaintiff—stating, in part, "[For being a wit]ness in my case with clean tech," "I'm on ya ass," "You a snitch nigga," and, "Watch ya back at that bus stop nigga," which are believed and therefore averred to have been sent by an employee of the Defendants with an interest in protecting the Defendants' business interest, but were staged to appear as if they were sent by Plaintiff, constituting discrimination and materially adverse post-employment retaliation against Plaintiff.  Plaintiff was instructed to have no contact with any employee of the Defendants during this process.  Plaintiff did _not_ send the subject text messages.  The text messages are from a phone number that is not Plaintiff's phone number, and appear to be from someone named "Spencer" ("SR") Last Name Unknown ("LNU").  No further information has been supplied by Defense Counsel about the subject text messages.

60.     There is a causal connection between Plaintiff's requests for reasonable accommodations on account of his religion, Plaintiff's protected conduct/activity, and Plaintiff's termination.

61.     Defendants terminated Plaintiff from his employment in retaliation for his requests for reasonable accommodations, and Plaintiff's protected conduct/activity, in violation of Title VII of the Civil Rights Act of 1964.

**WHEREFORE,** Plaintiff, Brandon Hamilton, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental anguish, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees,

costs of suit; and equitable/injunctive relief requiring Defendants to post notice of the verdict in

this matter in a conspicuous location, to provide a neutral employment reference for Plaintiff, to

conduct sensitivity training for all of Defendants' employees; and such other and further relief

that this Court deems just, proper, and equitable.

**COUNT IV:**
**RETALIATION / DIRECT RETALIATION IN VIOLATION OF TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, <u>et seq.</u>**
**(Plaintiff, Brandon Hamilton v. Defendants, Drexel University and Clean-Tech Services,**
<u>**Inc.)**</u>

62.     All of the foregoing paragraphs are hereby incorporated as if the same were more

fully set forth herein at length.

63.     On or about Thursday, March 23, 2023, Plaintiff requested to take time-off during

Ramadan which was scheduled to start Friday, March 24, 2023.

64.     On March 23, 2023, Plaintiff's supervisor, Ms. Jacqueline Brown, a management

employee of Defendant, Clean-Tech Services, Inc., denied Plaintiff's request to take time-off

from work for Ramadan for Friday, March 24, 2023.

65.     Since he could not take off from work during Ramadan, Plaintiff requested the

ability instead to take breaks during Ramadan, during the day, to pray.

66.     Ms. Brown, supervisor/manager, commented that Plaintiff would only be

permitted fifteen (15) minutes to pray, or words to that effect.

67.     Plaintiff filed an EEOC Charge against Defendants on April 17, 2023 alleging

discrimination and failure-to-accommodate his religion.

68.     On April 18, 2023, Ms. Brown, the supervisor, retaliated against Plaintiff by

disciplining Plaintiff based on a pretext. Ms. Brown disciplined Plaintiff for allegedly not

sweeping the floor. Plaintiff was washing the windows first while waiting for visitors to clear the

museum area before he started sweeping the floor.

69.     During the EEOC process, a series of text messages were provided to undersigned

counsel by Defense Counsel—which were not sent by Plaintiff—stating, in part, "[For being a

wit]ness in my case with clean tech," "I'm on ya ass," "You a snitch nigga," and, "Watch ya

back at that bus stop nigga," which are believed and therefore averred to have been sent by an

employee of the Defendants with an interest in protecting the Defendants' business interest, but

were staged to appear as if they were sent by Plaintiff, constituting materially adverse post-

employment retaliation against Plaintiff.  Plaintiff was instructed to have no contact with any

employee of the Defendants during this process.  Plaintiff did _not_ send the subject text messages.

The text messages are from a phone number that is not Plaintiff's phone number, and appear to

be from someone named "Spencer" ("SR") Last Name Unknown ("LNU").  No further

information has been supplied by Defense Counsel about the subject text messages.

70.     Defendants subjected Plaintiff to direct retaliation, in violation of Title VII,

retaliating against Plaintiff for his protected conduct/activity, his requests for reasonable

accommodations due to his religion, and his filing of an EEOC Charge in this matter.

**WHEREFORE,** Plaintiff, Brandon Hamilton, demands judgment in his favor and

against Defendants, individually and/or jointly and severally, in an amount in excess of

$150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay,

overtime, benefits, bonuses, commissions, and promotions he would have received;

compensatory damages for pain and suffering, mental anguish, humiliation, embarrassment, and

emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees,

costs of suit; and equitable/injunctive relief requiring Defendants to post notice of the verdict in

this matter in a conspicuous location, to provide a neutral employment reference for Plaintiff,

equitable/injunctive relief requiring Defendants to conduct sensitivity training for all of

Defendants' employees; and such other and further relief that this Court deems just, proper, and

equitable.

**COUNT V:**
**HARASSMENT/HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, <u>et seq.</u>**
**(Plaintiff, Brandon Hamilton v. Defendants, Drexel University and Clean-Tech Services,**
<u>**Inc.)**</u>

71.     All of the foregoing paragraphs are hereby incorporated as if the same were more

fully set forth herein at length.

72.     On or about Thursday, March 23, 2023, Plaintiff requested to take time-off during

Ramadan which was scheduled to start Friday, March 24, 2023.

73.     On March 23, 2023, Plaintiff's supervisor, Ms. Jacqueline Brown, a management

employee of Defendant, Clean-Tech Services, Inc., denied Plaintiff's request to take time-off

from work for Ramadan for Friday, March 24, 2023.

74.     Since he could not take off from work during Ramadan, Plaintiff requested the

ability instead to take breaks during Ramadan, during the day, to pray.

75.     Ms. Brown, supervisor/manager, commented that Plaintiff would only be

permitted fifteen (15) minutes to pray, or words to that effect.

76.     In or around March and April 2023, when Plaintiff entered the break room to pray

during Ramadan, Plaintiff experienced a hostile work environment/harassment from his co-

employees.

77.     A co-employee stated, "What does he have in that bag?", or words to that effect,

on one occasion when Plaintiff entered the break room in order to pray.

78.     Another co-employee stated, on another occasion, "Check on him to make sure he's praying," or words to that effect, when Plaintiff entered the break room in order to pray.

79.     Plaintiff also recollects that at the beginning of his employment, Ms. Brown, supervisor/manager, asked Plaintiff what was on his forehead. Plaintiff commented that it was a prostration mark from praying.

80.     On another occasion, Ms. Brown commented to Plaintiff, "You grew up Christian," and "You ate Christmas dinners," or words to that effect.

81.     Plaintiff filed an EEOC Charge against Defendants on April 17, 2023 alleging discrimination and failure-to-accommodate his religion.

82.     On April 18, 2023, Ms. Brown, the supervisor, discriminated against and retaliated against Plaintiff by disciplining Plaintiff based on a pretext. Ms. Brown disciplined Plaintiff for allegedly not sweeping the floor. Plaintiff was washing the windows first while waiting for visitors to clear the museum area before he started sweeping the floor.

83.     On April 26, 2023, Plaintiff was wrongfully terminated from his employment by Defendants.

84.     On April 26, 2023, at the time Plaintiff's termination was communicated to him, Plaintiff was informed that Drexel no longer wanted him in the building anymore, or words to that effect. It is believed and averred that Drexel constitutes a decisionmaker with respect to Plaintiff's termination.

85.     Plaintiff suffered harassment because of Plaintiff's religion.

86.     Plaintiff suffered harassment in retaliation, or a retaliatory hostile work environment.

87.      Plaintiff suffered harassment that was severe and pervasive.

88.     Plaintiff experienced harassment that was subjectively and objectively offensive.

89.     Plaintiff experienced harassment from Plaintiff's supervisor who subjected Plaintiff to tangible employment actions.

90.     Defendants failed to prevent, correct, and remedy a hostile work environment/harassment of which Defendants knew or should have known.

**WHEREFORE,** Plaintiff, Brandon Hamilton, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental anguish, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, equitable/injunctive relief requiring Defendants to conduct sensitivity training for all of Defendants' employees; and such other and further relief that this Court deems just, proper, and equitable.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

DATED: <u>12/05/2023</u>

BY: _Justin F. Robinette_____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067

Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

# **V E R I F I C A T I O N**

I, <u>Brandon Hamilton</u>, hereby state that I am the Complainant herein and that the facts set

forth in the foregoing pleading are true and correct to the best of my knowledge, information and

belief.  I understand that false statements herein are subject to the penalties of 18 Pa. C.S. § 4904,

relating to unsworn falsification to authorities.

Respectfully submitted,

BY: _____

**Mr. Brandon Hamilton**

Dated: 12/02/ _____

## <u>CERTIFICATE OF SERVICE</u>

I, Justin F. Robinette, Esquire, Attorney for Complainant, in the above-named matter, do hereby certify that on this <u>5th</u> day of <u>DECEMBER</u>, <u>2023</u>, the foregoing Complaint was served via the method set forth below, on the date set forth below, or as soon thereafter as service can be effectuated:

### <u>*VIA PERSONAL SERVICE/HAND DELIVERY*</u>

Clean-Tech Services, Inc.
Attn: Michael Cassano, Operations Manager
114 Chestnut Street, 5th Floor
Philadelphia, PA 19106;

Drexel University
The Academy of Natural Sciences of Drexel University
1900 Benjamin Franklin Parkway
Philadelphia, PA 19103

Respectfully submitted,

DATED: <u>12/05/2023</u>     BY:     *<u>/s/ Justin Robinette, Esquire</u>*
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
justin@jrobinettelaw.com

*Attorney for Plaintiff*